GROVER H. HOPE and MARY L. HOPE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hope v. Commissioner
Docket No. 16866-79.
United States Tax Court
T.C. Memo 1981-324; 1981 Tax Ct. Memo LEXIS 414; 42 T.C.M. (CCH) 224; T.C.M. (RIA) 81324; June 24, 1981. *414 Petitioner was a member of partnerships which purchased property for cash and nonrecourse promissory notes secured by deeds of trust providing for nonjudicial foreclosure of the property in the event of default. The partnerships informed the note holders that no further payments would be made on the notes and that the partnerships were releasing control of the property. Held: petitioner's share of the partnerships' losses was a capital loss subject to the limitations provided in secs. 1211 and 1212, I.R.C. 1954. Freeland v. Commissioner, 74 T.C. 970 (1980), followed. Grover H. Hope, pro se. William H. Hardeman, for the respondent. EKMAN
MEMORANDUM FINDINGS OF FACT AND OPINION EKMAN, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1975 in the amount of $ 10,869. The sole issue for decision is whether a loss due to real estate transactions sustained by partnerships of which petitioner Grover H. Hope was a partner was an ordinary or capital loss. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners, husband and wife who resided in Addison, Texas at the time they filed their petition herein, timely filed their joint Federal income tax return for 1975 *416 with the Internal Revenue Service Center in Austin, Texas. During 1975, petitioner Grover H. Hope (hereinafter petitioner) was a partner entitled to a one-third distributive share of the profits and losses of North 121 (II) Joint Venture and North 121, No. 3 Joint Venture (hereinafter the partnerships). During 1972 and 1973 the partnerships acquired certain parcels of land (hereinafter the land) in exchange for cash and nonrecourse promissory notes secured by deeds of trust. The deeds of trust provided inter alia for nonjudicial foreclosure of the property upon failure to pay the secured indebtedness. During 1975 each partnership wrote the holders of the promissory notes a letter reading in part as follows: Please be advised that the undersigned is this day abandoning the Property to you since the undersigned's equity in the Property has been rendered worthless due to circumstances beyond the undersigned's control. By abandoning the Property to you, the undersigned is releasing complete control of the Property to you with no further claims whatsoever to the Property. The undersigned intends to make no further payments of principal or interest on the aforesaid note, taxes on *417 the Property or any other expenditures relating thereto. The undersigned is abandoning the Property to you in receipt of no consideration express or implied and none will be accepted. On petitioners' joint Federal income tax return for 1975, they claimed an ordinary loss under section 165(a) in the amount of $ 56,439 as petitioners' distributive share of the loss resulting from the abandonment of the land by the partnerships. Respondent, in his notice of deficiency, determined that, pursuant to section 165(f), the loss was a capital loss subject to the limitations prescribed in section 1211 and section 1212. OPINION Petitioner contends that the partnerships abandoned their interest in the land by declaring to the note holders that they intended to make no further payments on the notes. Since the partners were not personally liable on the debt, petitioner argues that they received no consideration for the abandonment of their interest, that without consideration the transaction cannot be characterized as a sale or exchange and that a sale or exchange is a necessary element for capital loss treatment. As support for his position petitioner relies on ; *418 ; and , affd. . Respondent does not contest the amount of the loss or its deductibility by petitioner. However, respondent contends that a voluntary reconveyance of property to a mortgagee for no monetary consideration constitutes a sale or exchange within the meaning of sections 1211 and 1212 even though the mortgagor had no personal liability for the mortgage debt. Consequently, respondent contends the losses incurred by the partnerships were capital losses. We agree. In , after a comprehensive review of the relevant case authority, including those cited by petitioner, we stated: * * * petitioner's voluntary reconveyance of the property to the mortgagee for no monetary consideration (boot) was a sale within the meaning of sections 1211 and 1212 of the Code, even though petitioner had no personal obligation on the mortgage debt, the fair market value of the property at the time of the reconveyance was less than the unpaid balance due on *419 the mortgage debt, and petitioner had received no tax benefits in the form of depreciation deductions with respect to the property while he held it. We note that in the instant case the partnerships did not execute deeds in order to effect a voluntary reconveyance as was done in Freeland. However, we see no meaningful distinction between the partnerships' written release of "complete control of the Property to you" and a voluntary conveyance by deed, especially since legal title here was already vested in the Trustee under the deed of trust. Petitioner, in effect, requests that we reconsider our decisions in , and subsequent cases in which we have followed Freeland. [1] We find no reason to do so and in light of Freeland hold that petitioners must treat the loss as a capital loss subject to the limitations of sections 1211 and 1212. Decision will be entered for Respondent. Footnotes
1. ; .↩